## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re   John James and Daisy James,   )
                                       )
                                       )   Bankruptcy No. ____13-05538____
                                       )
          Debtor.                      )   Chapter ____7____

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____ Nixon Peabody LLP _____

Authorized to Provide Professional Services to: _____ R. Scott Alsterda, Chapter 7 Trustee _____

Date of Order Authorizing Employment: _____ December 8, 2016 [Dkt. 33] effective as of November 23, 2016 _____

Period for Which Compensation is Sought:
From _____November 23_____, 2016   through _____September 10_____, 2017

Amount of Fees Sought:   $ 9,630.50

Amount of Expense Reimbursement Sought:   $ 77.48

This is an:   Interim Application _____   Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated:   September 15, 2017                              R. Scott Alsterda
                                                              (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| John James and Daisy James, | ) | Case No. 14-05538 |
| | ) | Honorable Jacqueline P. Cox |
| Debtors. | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

1.	John James and Daisy James (the "Debtors") filed their voluntary petition under Chapter 7 of the Bankruptcy Code on February 20, 2014 [Dkt. 1].

2.	The Trustee filed a No Asset Report on March 20, 2014 [Dkt. 15].

3.	The bankruptcy case was closed and the Trustee discharged on May 23, 2014 [Dkt. 22].

4.	On November 22, 2016 an order was entered by Court granting the U.S. Trustee's motion and reopening the Debtors' Chapter 7 case [Dkt. 25]

5.	R. Scott Alsterda was appointed as the Trustee for the Debtors' bankruptcy estate in the reopened case [Dkt. 26].

6.	The Trustee withdrew his original No Asset Report and filed his Initial Report of Assets on April 28, 2016 [Dkt. 19].

7.	On December 8, 2016, an order was entered approving the employment of Nixon Peabody LLP as counsel for the Trustee [Dkt. 33] effective as of November 23, 2016.  A copy of

the December 8, 2016 Order authorizing the Trustee's employment of NP as legal counsel is attached hereto as Exhibit "A."

## CASE SUMMARY

8. In the fall of 2016, the Trustee was contacted by counsel for the City of Chicago who advised the Trustee that Mr. James previously owned a building which had been demolished by mistake by the City of Chicago.

9. The Trustee was further advised that Mr. James owned the building at the time that he filed his Chapter 7 petition in this case, and further that Mr. James had failed to disclose his interest in the building in his bankruptcy Schedules.

10. Counsel for the City of Chicago also provided the Trustee with a copy of complaint that Mr. James filed against the City of Chicago claiming damages for the alleged wrongful demolition of the building (the "Building Demolition Case").

11. Based upon the information provided to the Trustee by counsel for the City of Chicago, the U.S. Trustee filed a motion to reopen the Debtors' bankruptcy case to allow a trustee to further investigate and administer the Building Demolition Case for the benefit of the Debtors' creditors.

12. The Debtors' bankruptcy case was reopened and the Trustee was appointed in the reopened case.

13. After the Trustee was appointed in the Debtors' reopened case, the Trustee obtained an order authorizing the employment of Mr. Loftus as the Trustee's special counsel in the Building Demolition Case.

14. The Trustee with the assistance of his counsel and special counsel negotiated a settlement of the Building Demolition Case with the City of Chicago for fifty thousand ($50,000.00) dollars.

2

15. The Trustee's settlement with the City of Chicago was approved by this Court and the Trustee received a settlement check for fifty thousand ($50,000.00) dollars from the City of Chicago.

16. Thereafter the Trustee obtained an order authorizing the employment of Mr. Lasko as the Trustee's tax accountant.

17. The tax returns for the bankruptcy estate have been filed with the federal and state taxing authorities and the case is ready to be closed after the funds on hand are distributed.

18. The Trustee believes that all of the creditors holding allowed claims will be paid in full with interest after the payment of administrative expenses, and further that there will be a surplus distribution to the Debtors.

## DESCRIPTION OF LEGAL SERVICES

19. The nature and extent of the services which NP provided to the Trustee for the period from November 23, 2016 through September 10, 2017 are summarized in the following paragraphs.

20. <u>Asset Analysis and Recovery (B-120)</u>. NP provided 7.50 hours of services with a value of $3,862.50 related to the Trustee's analysis and recovery of assets of the Chapter 7 case. These services included conferences and correspondence with counsel for the City of Chicago and the Trustee's special counsel regarding various settlement issues in the Building Demolition Case. The Trustee's counsel also reviewed the City of Chicago's pre-trial memorandum and assisted the Trustee at the settlement conference. In addition, NP prepared and filed with this Court the Trustee's motion to approve the settlement agreement with the City of Chicago. Following this Court's approval of the settlement agreement with the City of Chicago, NP assisted the Trustee in obtaining a dismissal of the Building Demolition Case.

21. <u>Fee/Employment Applications (B-160)</u>. NP provided 9.70 hours of services to the Trustee with a value of $4,995.50 related to the Trustee's employment of legal counsel, special counsel and a tax accountant. These services including drafting the motions to employ all professionals including the notices and proposed orders, as well as court appearances for the hearings on the motions.

22. <u>Tax (B-240)</u>. NP provided .40 hours of services to the Trustee with a value of $206.00 related to tax issues for the bankruptcy estate. These services included reviewing the scheduled and filed claims in the Debtors' bankruptcy case for the purpose of estimating potential tax liabilities.

23. <u>Claims Administration and Objections (B-310)</u>. NP provided 1.10 hours of services to the Trustee with a value of $566.50 related to the Trustee's review of the proofs of claim filed in this case including the secured claim originally filed by the City of Chicago.

24. <u>Summary of Services</u>. The services rendered to the Trustee by NP are summarized as follows:

| CATEGORY | TASK CODES | HOURS | VALUE |
|---|---|---|---|
| Asset Analysis and Recovery | B-120 | 7.50 | $3,862.50 |
| Fee/Employment Applications | B-160 | 9.70 | $4,995.50 |
| Tax Issues | B-240 | 0.40 | $206.00 |
| Claims Administration and Objections | B-310 | 1.10 | $566.50 |
| TOTAL | | 18.70 | $9,630.50 |

25. Attached as Exhibit "B" is an itemized statement of the legal services rendered by NP and classified by the various tasks in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

26. The time expended and services rendered by each individual NP attorney is summarized as follows:

4

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 18.70 | $515.00 | $9,630.50 |
| **TOTAL** | **18.70** | | **$9,630.50** |

27.  Exhibit "B" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee. These expenses include postage in the amount of $39.98 and photocopies (at 10¢ per page) in the amount of $37.50 for a total amount of $77.48.

28.  Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

29.  At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the bankruptcy estate with respect to matters on which NP was employed.

## PRAYER FOR RELIEF

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $9,630.50 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $77.48.

DATE: September 15, 2017              Respectfully Submitted

                                                           NIXON PEABODY LLP

Of Counsel:
R. Scott Alsterda (ARDC 3126771)              /s/ R. Scott Alsterda
Nixon Peabody LLP
70 West Madison, Suite 3500
Chicago, IL  60602-4
283
312-977-9203
rsalsterda@nixonpeabody.com