# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re:  )
)
JOHN JAMES AND DAISY JAMES,  )  Bankruptcy No. __14-05538__
)
Debtors.  )  Chapter __7__
)
)

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____ Alexander N. Loftus & Stoltmann Law Offices _____

Authorized to Provide Professional Services to: _____ R. Scott Alsterda, Chapter 7 Trustee _____

Date of Order Authorizing Employment _____ January 4, 2017 _____

Period for Which Compensation is Sought:

From __November 29, 2016__ through __June 30, 2017__

Amount of Fes Sought: __$12,500.00__

Amount of Expense Reimbursement Sought: _____ $1,000.00 _____

This is an:        Interim Application _____        Final Application ___✓___

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: _____ September 15, 2017 _____        _____ R. Scott Alsterda _____
                                                                                    (Counsel)

4811-2766-1127.1

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case 14-05538 |
| | ) | Chapter 7 |
| JOHN JAMES AND DAISY JAMES, | ) | Honorable Jacqueline P. Cox |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF CONTINGENT FEE AND EXPENSES TO ALEXANDER N. LOFTUS AND STOLTMANN LAW OFFICES AS TRUSTEE'S SPECIAL COUNSEL**

NOW COMES R. SCOTT ALSTERDA, not individually but as Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate (the "Estate") of John James and Daisy James (the "Debtors"), pursuant to Sections 328(a) and 330(a) of the Bankruptcy Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and hereby submits this first and final application for the entry of an order allowing and authorizing the payment of a contingent fee and reimbursement of out-of-pocket expenses to Alexander N. Loftus ("Mr. Loftus") and Stoltmann Law Offices ("Stoltmann"), employed as the Trustee's Special Counsel by prior orders of this Court ("Employment Order") [Dkts. 36, 38, 39, 42] to pursue recoveries for the Estate related to the Debtors' unscheduled claim in the case of *R. Scott Alsterda, as Chapter 7 Trustee for John James and Daisy James, Debtors v. City of Chicago., et al.,* in the Circuit Court of Cook County (Case #2016 L 6761) (the "Application"). In support of the Application, the Trustee states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(M) and (O).

1

4811-2766-1127.1

## BACKGROUND

3. On February 20, 2014 (the "Petition Date"), the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code [Dkt. 1] and R. Scott Alsterda was appointed the Chapter 7 Trustee for the Estate ("Chapter 7 Trustee").

4. On March 20, 2014, the Trustee filed a no-asset report [Dkt. 15].

5. On May 23, 2014, the Court entered an order discharging the Trustee and closing the Debtors' bankruptcy case [Dkt. 22].

6. Thereafter in October 2016, the Trustee was informed that the Debtor, John James ("Mr. James") had failed to schedule or disclose his interest in a building in his original Chapter 7 case.

7. The undisclosed building in which Mr. James had an interest was demolished by the City of Chicago, and thereafter Mr. James filed a complaint against the City of Chicago in the Circuit Court of Cook County (Case #2016 L 6761) alleging among other things negligence, conversion and trespass and seeking damages (the "Building Case").

8. Based upon information that the Trustee obtained from the City of Chicago, the Trustee had reason to believe that the building in which Mr. James had an interest and/or the Building Case against the City of Chicago constituted undisclosed property of the Estate pursuant to 11 U.S.C. § 541(a) and therefore the Trustee communicated this information to the Office of the U.S. Trustee.

9. On November 15, 2016, the U.S. Trustee filed a Motion for Order Reopening Chapter 7 Case and Authorizing the Appointment of a Chapter 7 Trustee [Dkt. 24].

10. On November 22, 2016, the Court granted the U.S. Trustee's Motion to Reopen the Chapter 7 Case and Appoint Trustee [Dkt. 25]. Thereafter on November 23, 2016, the U.S.

Trustee filed a letter with the Court appointing R. Scott Alsterda as the Chapter 7 Trustee in the reopened case [Dkt. 26] and the Trustee withdrew his original no-asset report [Dkt 31] and filed an initial report of assets [Dkt. 27].

### THE TRUSTEE'S EMPLOYMENT OF ALEXANDER N. LOFTUS AND VOELKER LITIGATION GROUP AS SPECIAL COUNSEL

11. On December 19, 2016, Trustee filed his Application to Employ Mr. Loftus ("Mr. Loftus") and Voelker Litigation Group as Special Counsel [Dkt. 34] and on January 4, 2017, the Court entered its Order Granting Trustee's Application to Employ Mr. Loftus and the Voelker Litigation Group as Special Counsel effective as of November 29, 2016 when Mr. Loftus first began assisting the Trustee [Dkt. 36].

### SUBSTITUTION OF STOLTMANN LAW OFFICES AS SPECIAL COUNSEL

12. Mr. Loftus resigned from the Voelker Litigation Group and joined the law firm of Stoltmann Law Offices on March 1, 2017. Mr. Loftus continued to represent the Trustee at his new law firm.

13. On March 24, 2017, the Trustee filed a Motion to Amend Judgment/Order to Employ Special Counsel and a Supplemental Declaration was filed by Stoltmann Law Offices and Alexander N. Loftus [Dkts. 38, 39]. On April 4, 2017, the Court entered an Order Granting Trustee's Motion to Amend [Dkt. 42].

14. On March 28, 2017, the Trustee filed a Motion to Approve Compromise or Settlement per Rule 9019 with the City of Chicago [Dkt. 40].

15. On April 19, 2017, the Court entered an Order Granting Motion to Approve Settlement [Dkt. 43]. Under the terms of the Trustee's settlement, the Estate has been paid $50,000 by the City of Chicago.

16. Pursuant to the terms of the Employment Order, Mr. Loftus and Stoltmann are entitled to a sliding scale contingency fee. Additionally, according to the terms of the Employment Order, Mr. Loftus and Stoltmann are entitled to reimbursement of out-of-pocket expenses subject to various caps from any recovery for the Estate related to the settlement of the Building Case.

## REQUEST FOR RELIEF

17. According to the terms of the Employment Order, compensation and reimbursement of expenses agreed upon by the Trustee and Mr. Loftus and Stoltmann are to be calculated as follows:

> (a) Mr. Loftus and Stoltmann shall be compensated for their services in the Building Case on a contingency fee basis according to this formula:
>
>> (i) 15% of the gross recovery by the Estate for the Building Case up to $25,000 and out-of-pocket expenses capped at $500.
>>
>> (ii) 25% of the gross recovery by the Estate from the Building Case from $25,001 up to $60,000 and out-of-pocket expenses capped at $1,000.
>>
>> (iii) 33.33% of the gross recovery by the Estate for the Building Case in any amount in excess of $60,001 and out-of-pocket expenses capped at $1,500.

18. Based upon the foregoing formula, Mr. Loftus and Stoltmann are entitled to a contingent fee in the amount of 25% of $50,000 or $12,500 and reimbursement of out-of-pocket expenses not to exceed $1,000.00.

19. Mr. Loftus has provided the Trustee with a summary of his legal services in connection with the Building Case which includes drafting and filing the original complaint and assisting the Trustee in negotiating the settlement of the Building Case with the City of Chicago. Mr. Loftus also incurred expenses in the amount of $570.21 for a filing fee and jury demand and $500.00 for the retention of an appraiser. A summary of the services provided, and expenses incurred by Mr. Loftus related to the Building Case is attached to this Application as Exhibit A.

20. Section 330(a)(1)(A) and (B) of the Bankruptcy Code authorizes the Court to award reasonable compensation for actual and necessary services rendered by Mr. Loftus and Stoltmann, as well as reimbursement for reasonable and necessary expenses.

21. In determining whether to award compensation to Mr. Loftus and Stoltmann, the Court shall consider the nature, the extent and the value of such services taking into account various factors, including:

A) the time spent on such services;

B) the rates charged for such services;

C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed

E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

F) whether compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title

[11 U.S.C. § 330(a)(3)(A)-(F)].

22. The Trustee with the assistance of Mr. Loftus was able to successfully negotiate and obtain court approval of a favorable settlement of the Building Case with the City of Chicago in less than four month from the time this bankruptcy case was reopened.

23. Moreover the contingent fee (25%) to be paid to Mr. Loftus and Stoltmann is slightly below a normal and customary rate which would be charged in similar cases.

24. Insofar as the compensation to be awarded to Mr. Loftus and Stoltmann is based on a contingent fee and not on an hourly basis, the detailed narrative and time entries required for fee application in Local Rule 5082-1 may be excused by the Court.

25. The contingent fee of $12,500.00 sought to be awarded to Mr. Loftus and Stoltmann should be allowed because it is reasonable based upon the nature, the extent and the value of such services rendered to the Trustee.

26. The out-of-pocket expenses in the amount of $1,000 sought to be reimbursed to Mr. Loftus and Stoltmann were actual and necessary expenses incurred in the course of the services rendered by Mr. Loftus and Stoltmann.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests that this Court grant the relief requested in this Application and enter an order:

(A) allowing the contingent fee of Mr. Loftus and Stoltmann in the amount of $12,500.00 as a reasonable and necessary fee for services rendered as the Trustee's Special Counsel in connection with the Building Case;

(B) allowing the out-of-pocket expenses incurred by Mr. Loftus and Stoltmann in the amount of $1000.00 as reasonable and necessary out-of-pocket expenses in connection with the professional services rendered by the Trustee's Special Counsel in connection with the Building Case;

(C) authorizing the Trustee to use the settlement proceeds for the Building Case to pay Mr. Loftus and Stoltmann the sum of $12,500.00 for their allowed fees and $1,000.00 for their allowed out-of-pocket expenses; and

(D) granting such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 15, 2017

R. SCOTT ALSTERDA, not individually but as Chapter 7 Trustee for John James and Daisy James, Debtors

/s/ R. Scott Alsterda
*One of his attorneys*
R. Scott Alsterda (# 3126771)
Nixon Peabody LLP
70 West Madison Street, Suite 3500
Chicago, Illinois 60602
(312) 977-9203 (Tel.); (312) 977-4405 (Fax)
Email: rsalsterda@nixonpeabody.com

4811-2766-1127.1

7